■ EDITH F. WERNER, Individually and as Executrix of STEVEN L. WERNER, Deceased, Appellant. v. HARRIET G. WERNER, Respondent.— Appeal from a judgment of the Supreme Court in favor of the defendant, entered January 15, 1974 in Albany County, upon a decision of the court at a Trial Term, without a jury, and from an order of said court, entered January 23, 1974, which denied plaintiff's motion to set aside the verdict. This suit was instituted by the plaintiff, both in her individual capacity as the wfe of the decedent herein and as the executrix of his estate, to recover $20,000 that was to be paid to the defendant, the decedent's former wife, as his designated beneficiary entitled to death benefits from the New York State Retirement System. After a trial, the trial court dismissed the entire complaint on the merits and, also, denied the plaintiff's subsequent motion to set aside the verdict. In her appeal for relief to this court, the plaintiff now makes four contentions, all of which we find to be totally without merit. We would first note that a constructive trust in favor of the plaintiff clearly could not be imposed upon the $20,000 in question because the plaintiff had no interest in the money prior to the decedent's alleged promise to make her the beneficiary of his death benefits from the State (*Matter of Wells,* 36 A D 2d 471, affd. 29 N Y 2d 931). Nor is the plaintiff entitled to a lien for the money she expended, supposedly in reliance on this same promise, for the purchase of a co-operative apartment. Since her purchase thereof, she has been the owner of the apartment, and she failed to introduce any evidence showing that it is now worth less than what she paid for it. As for the failure of the Trial Judge to specifically mention the plaintiff's second cause of action in his dismissal of the entire complaint, this practice plainly disregards the statutory mandate that a court state the facts it deems essential to its decision (CPLR 4213, subd. [b]). In this instance, the plaintiff asserts that the defendant's divorce from the decedent invalidated and revoked her designation as beneficiary, but again no proof is offered in support of the contention. Accordingly, in the interests of judicial enonomy and with the complete record of the case before us, we find that it has no merit (cf. *Matter of Romeo* v. *Romeo,* 40 A D 2d 685; *Mellon* v. *Street,* 23 A D 2d 210, mot. for lv. to app. den. 16 N Y 2d 488). Lastly, we decline to grant the plaintiff a new trial on the question of whether the defendant waived her interest in the death benefits by means of her separation agreement with the decedent. An examination of the subject agreement reveals that it contains no such waiver. Furthermore, the plaintiff failed to establish the defendant's waiver of the death benefits by any other evidence, even though she had ample opportunity to do so at the trial. Judgment and order affirmed, with costs payable out of the estate. Herlihy, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.